# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 5, 2010 Session

## STATE OF TENNESSEE v. RALPH BYRD COOPER, JR.

**Appeal by Permission from the Court of Criminal Appeals, Eastern Section**
**Circuit Court for Anderson County**
**No. A3CR0059    Donald Ray Elledge, Judge**

---

**No. E2008-02044-SC-R11-CD - Filed September 21, 2010**

---

The defendant appeals his conviction for aggravated rape and his sentence as a repeat violent offender. We hold that the evidence is sufficient to support the defendant's conviction and that the trial court did not err in relying on a certified judgment of another state's court to determine beyond a reasonable doubt that the defendant is a repeat violent offender pursuant to Tennessee Code Annotated section 40-35-120. We conclude, however, that the State failed to comply with the notice requirements set forth in section 40-35-120(i)(2) and that the defendant's sentence as a repeat violent offender therefore constitutes plain error. We affirm in part and reverse in part the judgment of the Court of Criminal Appeals and remand the case to the trial court for a new sentencing hearing.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Affirmed in Part and Reversed in Part**
**Case Remanded to Trial Court for Sentencing**

JANICE M. HOLDER, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Mart S. Cizek, Clinton, Tennessee, for the appellant, Ralph Byrd Cooper, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Facts and Procedural History

On April 1, 2003, an Anderson County grand jury indicted the defendant, Ralph Byrd Cooper, Jr., for aggravated rape and aggravated assault.[1] The State of Tennessee subsequently filed a "Notice of Intention to Use Prior Bad Acts for Impeachment and Enhancement of Sentence" on May 12, 2003. In pertinent part, the document states, "The State gives notice of defendant's prior convictions," and lists "Sodomy (felony) 3 counts" as a prior conviction of Mr. Cooper in the circuit court in Klamath Falls, Oregon. The notice does not mention Mr. Cooper's status as a repeat violent offender. The case proceeded to trial in the Criminal Court of Anderson County on June 8 and 9, 2006.

According to the victim's testimony at trial, she met Mr. Cooper while cruising in a Walmart parking lot in Oak Ridge, Tennessee, in December 2002. They later exchanged telephone numbers. On another occasion, the victim and Mr. Cooper visited his mother's house, where he lived in a basement apartment.

On January 29, 2003, the victim called Mr. Cooper to ask if she and her friend could "hang out" with him. The victim and her friend went to Mr. Cooper's apartment. After spending some time there, they left with Mr. Cooper in his truck to buy alcohol. While riding around, the victim drank both beer and Jack Daniel's. They later went to a party.

The victim testified that she did not remember leaving the party because she was intoxicated. She woke up in Mr. Cooper's bed. Mr. Cooper was on top of her, and they were both naked. He had his hands around her throat, and he threatened to kill her if she screamed. He attempted to have intercourse with her. She told him to stop. He left the room to obtain a lubricant. When he returned, he penetrated her vagina. They both fell asleep.

When the victim woke up in the morning, she hugged Mr. Cooper at his request and then left the house. Later that day, she reported the incident to the police. Photographs taken that day by the police show red marks on her neck and scratches on her face. Mr. Cooper's defense at trial was that his sexual acts with the victim were consensual. After hearing the evidence, a jury found Mr. Cooper guilty of aggravated rape.

On June 21, 2006, the State filed a "Sentencing Position" in which it asserted that the conviction placed Mr. Cooper in the category of a "repeat violent offender" requiring a sentence of "imprisonment for life without possibility of parole" pursuant to Tennessee Code

---

[1] The latter charge was dismissed shortly before trial.

Annotated section 40-35-120 (2006), commonly referred to as the "three strikes" law.[2] The State based this assertion on the notice "furnished . . . on May 12, 2003[,] that it would use prior sodomy convictions in Oregon in 1995 for sentencing purposes."

Mr. Cooper did not object at the sentencing hearing to the timing of the State's notice of his status as a repeat violent offender. The trial court raised the issue sua sponte and concluded that Mr. Cooper had not shown that he was prejudiced by deficiencies in the State's notice. On finding beyond a reasonable doubt that Mr. Cooper was a repeat violent offender, the trial court imposed the mandatory sentence of life without the possibility of parole pursuant to section 40-35-120(g). Mr. Cooper included the notice issue in his amended motion for new trial but did not raise the issue on appeal. The Court of Criminal Appeals, however, considered whether the post-verdict filing of the notice constituted plain error. See Tenn. R. App. P. 36(b) (allowing appellate courts to raise issues sua sponte affecting the substantial rights of a party). The intermediate appellate court held that the May 12, 2003 filing did not comply with the notice requirements of Tennessee Code Annotated section 40-35-120(i)(2) but that the requirements of plain error were not met. The Court of Criminal Appeals concluded that the "otherwise-reversible error's effect, if any, on the defendant is not clear from the record." The intermediate appellate court suggested that Mr. Cooper might be able to establish the prejudice necessary to challenge his conviction during post-conviction proceedings if he could prove that he was unaware of the State's intent to pursue sentencing as a repeat violent offender and that he would have accepted the six-year plea offer mentioned during Mr. Cooper's Momon hearing. See Momon v. State, 18 S.W.3d 152, 162 (Tenn. 1999).

We granted Mr. Cooper's application for permission to appeal.

## II. Analysis

Mr. Cooper raises three issues on appeal, and we address them in the following order. Mr. Cooper first challenges the sufficiency of the evidence to support the conviction for aggravated rape. He next asserts that the trial court did not properly determine that he was a repeat violent offender pursuant to Tennessee Code Annotated section 40-35-120(g). Finally, Mr. Cooper appeals the determination of the Court of Criminal Appeals regarding the State's notice of his status as a repeat violent offender.

---

[2] Tennessee Code Annotated section 40-35-120 is entitled "Repeat violent offenders—'Three strikes,'" but a defendant may be "out" after a second conviction and therefore subject to a mandatory sentence of imprisonment for life without the possibility of parole. See Tenn. Code Ann. § 40-35-120(a)(3)–(6), (e)(1)(B)–(C), (g). The nature of Mr. Cooper's prior conviction places him in the category of defendants who are "out" following a second conviction.

## A.

Because the guilty verdict removed Mr. Cooper's presumption of innocence and replaced it with a presumption of guilt, Mr. Cooper bears the burden of demonstrating why the evidence presented at trial is insufficient to support the verdict. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003). We must reject Mr. Cooper's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the State, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999). Mr. Cooper was convicted of aggravated rape, which is defined as "unlawful sexual penetration of a victim by the defendant" accompanied by the defendant's causing bodily injury to the victim. Tenn. Code Ann. § 39-13-502(a)(2) (2006).

By convicting Mr. Cooper, the jury credited the victim's testimony that Mr. Cooper choked her, that he had vaginal sex with her against her will, that she told him to stop and that he was hurting her, and that she believed that he would kill her if she did not cooperate. We are without authority to re-weigh the victim's testimony. Evans, 108 S.W.3d at 236. Additionally, police photographs of the victim taken the day after the rape show red marks on her neck and scratches on her face. Viewing this evidence in a light most favorable to the State, the evidence is legally sufficient to support Mr. Cooper's conviction for aggravated rape.

## B.

We next consider whether the trial court properly determined Mr. Cooper to be a repeat violent offender for the purpose of sentencing. For this issue, we review the record de novo with a presumption that the trial court's determinations are correct. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Pursuant to statute, the court must find "beyond a reasonable doubt that the defendant is a repeat violent offender" for purpose of sentencing. Tenn. Code Ann. § 40-35-120(g). On appeal, however, Mr. Cooper bears the burden of showing that the sentence is improper. Ashby, 823 S.W.2d at 169.

Mr. Cooper contends that the State did not prove beyond a reasonable doubt that he served a "separate period of incarceration," which is a prerequisite to a trial court finding a defendant to be a repeat violent offender. Tenn. Code Ann. § 40-35-120(e). At the sentencing hearing, the trial court considered the certified Oregon judgment convicting Mr. Cooper of three counts of sodomy and sentencing him to a maximum of 111 months imprisonment. The trial court concluded that the judgment proved that Mr. Cooper had previously served a separate period of incarceration. Mr. Cooper does not dispute that his Oregon conviction for sodomy has elements similar to Tennessee's "Rape of a Child"

offense, <u>compare</u> Or. Rev. Stat. § 163.405 (West, Westlaw through 2010 Special Session) <u>with</u> Tenn. Code Ann. § 39-13-522 (Supp. 2008), and therefore qualifies as a prior conviction pursuant to Tennessee Code Annotated section 40-35-120(e)(4). Mr. Cooper instead asserts that the State must prove the exact dates of his previous confinement.

The repeat violent offender statute defines "separate period of incarceration" to include "a sentence to a community correction program . . . , a sentence to split confinement . . . , or a sentence to a periodic confinement." Tenn. Code Ann. § 40-35-120(e)(2). The judgment for Mr. Cooper's 1995 sodomy conviction states that he was "sentenced to the custody of the Corrections Division of the State of Oregon for the crime of Sodomy in the First Degree, 3 counts, for a period not to exceed 111 months." The trial court did not err in concluding that the certified Oregon judgment constituted proof beyond a reasonable doubt that Mr. Cooper had previously served a separate period of incarceration.

C.

Finally, we turn our attention to the notice requirements for sentencing as a repeat violent offender. The statute requires the district attorney general to "file a statement with the court and the defense counsel within forty-five (45) days of the arraignment . . . that the defendant is a repeat violent offender." Tenn. Code Ann. § 40-35-120(i)(2). The notice also must convey "the dates of the prior periods of incarceration, as well as the nature of the prior conviction offenses." Tenn. Code Ann. § 40-35-120(i)(2). The only statutory remedy for non-compliance is a forty-five-day continuance "between receipt of notice and trial." Tenn. Code Ann. § 40-35-120(i)(2). If the State does not comply with the notice provision, the defendant is not entitled to release from custody or dismissal of the charges. Tenn. Code Ann. § 40-35-120(i)(3).

Mr. Cooper did not present the notice issue to the Court of Criminal Appeals. Because "[r]eview generally will extend only to those issues presented for review," Tenn. R. App. P. 13(b), the Court of Criminal Appeals reviewed the notice issue pursuant to Rule 36(b), which states that "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." A court will grant relief for plain error pursuant to Rule 36(b) only when: "(1) the record clearly establishes what occurred in the trial court; (2) the error breached a clear and unequivocal rule of law; (3) the error adversely affected a substantial right of the complaining party; (4) the error was not waived for tactical purposes; and (5) substantial justice is at stake." <u>State v. Hatcher</u>, 310 S.W.3d 788, 808 (Tenn. 2010) (citing <u>State v. Smith</u>, 24 S.W.3d 274, 282-83 (Tenn. 2000)). The Court of Criminal Appeals determined that plain error was not

established. We apply a de novo standard of review to determine if the five criteria for plain error have been met.

The record clearly establishes what occurred in the trial court. Contrary to the mandate of Tennessee Code Annotated section 40-35-120(i)(2), the pretrial filing on May 12, 2003, failed to state that Mr. Cooper is a repeat violent offender. The pretrial filing also failed to set forth the nature of the sodomy conviction as a qualifying prior conviction and the dates of the prior period of incarceration, both of which are required by section 40-35-120(i)(2). As a result of these omissions, the May 12, 2003 filing did not qualify as notice pursuant to the repeat violent offender statute. The failure to file this notice prior to trial breached a clear and unequivocal rule of law that post-trial filing of the "Sentencing Position" failed to cure. Moreover, there is no indication that Mr. Cooper waived the issue for tactical reasons. Accordingly, the first, second, and fourth criteria for plain error have been established.

We therefore turn to the question of whether the breach of law adversely affected a substantial right of Mr. Cooper. A substantial right is one that is "so fundamental as to reflect upon 'the fairness, integrity or public reputation of judicial proceedings.'" State v. Bledsoe, 226 S.W.3d 349, 354 (Tenn. 2007) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).

We have not previously addressed the effect of filing notice of the repeat violent offender status after trial and whether such notice affects a substantial right of the defendant. The notice requirement in the repeat violent offender statute is similar to that in Tennessee Code Annotated section 40-35-202(a) (2006), which requires the State to provide notice not less than ten days before trial of its intent to seek enhanced punishment. This Court has held that late filing of such notice on the date of the trial does not render the notice ineffective in the absence of prejudice, particularly when the defense counsel does not move for a continuance. State v. Stephenson, 752 S.W.2d 80, 81 (Tenn. 1988). "Generally, if notice is filed late or is filed timely but is otherwise defective, the defendant must show prejudice before the notice will be rendered ineffective." State v. Carter, 121 S.W.3d 579, 585 (Tenn. 2003). Notice providing no relevant information, however, is ineffective. See State v. Adams, 788 S.W.2d 557, 559 (Tenn. 1990). Failure to file any notice to seek enhanced sentencing pursuant to Tennessee Code Annotated section 40-35-202(a) is grounds for re-sentencing as a Range I offender. See State v. Pender, 687 S.W.2d 714, 719-20 (Tenn. Crim. App. 1984) (holding that "the trial court was without authority to impose Range II sentences upon the defendant" because the State failed to provide notice of its intent to seek enhanced sentencing pursuant to Tennessee Code Annotated section 40-35-202(a) (1982)).

In light of the similar punishments, we find instructive our analysis of the notice requirement for intent to seek imprisonment for life without the possibility of parole for first degree murder. We have held that such notice must be filed before trial. See State v. Gilliland, 22 S.W.3d 266, 275-76 (Tenn. 2000). In Gilliland, the State filed a notice of its intent to seek the death penalty, which, by statute, also provides notice that the state also intends to seek imprisonment for life without the possibility of parole as a possible punishment. The State withdrew its notice before trial. Id. at 275. After the defendant's trial and conviction for felony murder, the State reaffirmed its intention to seek imprisonment for life without the possibility of parole. This Court held that the State's withdrawal of the notice of intent to seek the death penalty also was a withdrawal of its notice of intent to seek imprisonment for life without the possibility of parole. We declined to hold that a lack of actual prejudice excused the failure to provide notice of the State's intent. Id. at 276. Because of the importance of intangible considerations such as plea negotiations, "the state is always required to give notice *before* trial." Id. (citing Tenn. Code Ann. § 39-13-208(b) (1997) (requiring that written notice be filed thirty days prior to trial)). The Court modified the defendant's sentence to imprisonment for life. Id. (citing Tenn. Code Ann. § 39-13-208(c) (providing for a sentence of imprisonment for life "[i]f notice is not filed pursuant to subsection (a) or (b)")). Our holding in Gilliland applies even when the defendant has not objected to the timing of the notice. See, e.g., State v. Dych, 227 S.W.3d 21, 45 (Tenn. Crim. App. 2006).

Although the repeat violent offender statute does not have a provision mandating a remedy similar to that of Tennessee Code Annotated section 39-13-208(c), we believe that the severity of the sentence in this case—a mandatory sentence of imprisonment for life without parole—requires a similar result. We therefore conclude that the sentence of imprisonment for life without the possibility of parole was not authorized because the only substantially compliant notice was filed after trial and therefore was ineffective. We hold that the unauthorized sentence adversely affected a substantial right of Mr. Cooper and that remedying this error is in the interest of substantial justice. We therefore remand this case for re-sentencing in accordance with the notice filed on May 12, 2003, to seek enhanced punishment as a multiple, persistent, or career offender pursuant to Tennessee Code Annotated section 40-35-202. Carter, 121 S.W.3d at 585 ("[F]ailure to file any notice of sentencing is grounds for re-sentencing" (citing Pender, 687 S.W.2d at 719-20)).

III. Conclusion

We conclude that the evidence presented at trial was sufficient to support Mr. Cooper's conviction for aggravated rape and that the trial court did not err in finding that the certified Oregon judgment constituted proof beyond a reasonable doubt that Mr. Cooper had served a separate period of incarceration, as required by the repeat violent offender statute.

We further conclude that all five factors of the plain error analysis have been established and that Mr. Cooper's sentence as a repeat violent offender was plain error. We therefore affirm in part and reverse in part the judgment of the Court of Criminal Appeals. The order of the trial court is vacated, and the case is remanded to the trial court for new sentencing consistent with this opinion. Costs of this appeal are assessed against the appellee, the State of Tennessee.

_____
JANICE M. HOLDER, CHIEF JUSTICE