IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2013

**STATE OF TENNESSEE v. RALPH BYRD COOPER, JR.**

**Direct Appeal from the Criminal Court for Anderson County**
**No. A3CR0059     Donald R. Elledge, Judge**

_____

**No. E2012-01023-CCA-R3-CD - Filed July 22, 2013**

_____

Upon remand by our supreme court, *see State v. Cooper*, 321 S.W.3d 501 (Tenn. 2010), Defendant Ralph Byrd Cooper, Jr., was resentenced by the trial court to serve sixty (60) years as a career offender for his conviction of aggravated rape, a Class A felony.  Defendant appeals his sentence, asserting as his sole issue that the trial court erred by determining he was a "career offender."  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Mart S. Cizek, Clinton, Tennessee, for the appellant, Ralph Byrd Cooper, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; David S. Clark, District Attorney General; and Sandra Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A recitation of the facts which led to Defendant's conviction is not necessary in this opinion.  They can be reviewed in the supreme court's opinion and in this court's opinion in the initial appeal. *See State v. Ralph Byrd Cooper, Jr.*, No. E2008-02044-CCA-R3-CD, 2009 WL 2365571 (Tenn. Crim. App. Aug. 3, 2009).  This court affirmed the conviction and the original sentence imposed upon Defendant of life without possibility of parole as a repeat violent offender.  *Id.* at *1.  On appeal to the supreme court, however, the conviction for aggravated rape was affirmed, but the sentence was reversed and the case was remanded for a new sentencing hearing.  *Cooper*, 321 S.W.3d at 503.

Among other prior convictions, Defendant was convicted in Oregon of three counts of sodomy in the first degree. Or. Rev. Stat. § 163.405. This offense is not a "named felony" in Tennessee. Tenn. Code Ann. § 40-35-108(b)(5). The trial court based its determination that Defendant was a "career offender" on its conclusion that each of these convictions was the equivalent of the Tennessee Class A felony offense of rape of a child, Tennessee Code Annotated section 39-13-522 (2010 Repl.) *See* Tenn. Code Ann. § 40-35-108(a)(2) and (b)(5) (defining a career offender for those sentenced to a Class A felony, and setting forth how a conviction in another state for an offense that is not a named felony in Tennessee can be used to establish "career offender" status).

On appeal, Defendant attacks the designation of him as a career offender on three grounds:

(1)    The trial court failed to make a determination of the elements of the Oregon crime of sodomy in the first degree;

(2)    The trial court failed to state on the record that it found "beyond a reasonable doubt" that Defendant is a career offender; and

(3)    The trial court failed to make a determination that none of the three offenses occurred within 24 hours of the commission of any other sodomy in the first degree offense.

Defendant argues that his sentence should be reversed and remanded for a new sentencing hearing, and to require the trial court to state on the record any factual findings that would justify sentencing as a career offender. The State disagrees and argues that the judgment of the trial court should be affirmed.

**Analysis**

In its ruling, the trial court found that the three convictions in Oregon for the offense of sodomy in the first degree would be a Class A felony in Tennessee. There was no direct evidence offered at the sentencing hearing to prove the elements of the Oregon crime of sodomy in the first degree. However, a certified copy of the indictment charging the three offenses was made an exhibit, along with certified copies of the judgments of the three convictions.

As the trial court implicitly noted, in order for Defendant to be validly sentenced as a "career offender," each of the convictions for sodomy in the first degree must be counted as one of three separate convictions. *See* Tenn. Code Ann. § 40-35-108(a)(2). Aggravated

rape, the conviction for which the sentence of sixty (60) years as a career offender is the subject of this appeal, is Class A felony. Tenn. Code Ann. § 39-13-502(b).

As pertinent to the issue in this appeal, the "career offender" statute provides as follows:

**40-35-108. Career offender.** – (a) A career offender is a defendant who has received:

* * *

(2) At least three (3) Class A or any combination of four (4) Class A or Class B felony convictions if the defendant's conviction offense is a Class A or B felony;

* * *

(b) In determining the number of prior convictions a defendant has received:

* * *

(4) Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury to the victim or victims . . . , convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions; and

(5) "Prior convictions" includes convictions under the laws of any other state, government or country that, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.

(c) A defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III.

Tenn. Code Ann. § 40-35-108 (2010 Repl.)

The maximum sentence for a Class A felony, Range III sentence is 60 years. Tenn. Code Ann. § 40-35-112(c)(1). This Court has held that in the event the proof shows that two prior convictions occurred on *consecutive days*, the burden is on the defendant to show that "offenses which were committed on consecutive days occurred within twenty-four hours of each other." *State v. Kenneth Edward Watts*, No. E2010-00553-CCA-R3-CD, 2011 WL 5517000, at \*7 (Tenn. Crim. App. Nov. 8, 2011) (citing with approval *State v. John Roy Polly*, No. M1999-00278-CCA-R3-CD, 2000 WL 1606586 (Tenn. Cri. App. Oct. 27, 2000) which holds "[w]here the defendant seeks the application of the twenty-four-hour rule [Tenn. Code Ann. § 40-35-108(b)(4)] and the relevant convictions occur on different days, it is the defendant's responsibility to demonstrate that the two offenses occurred within twenty-four hours of each other." *John Roy Polly*, 2000 WL at \*3)).

In *State v. Travis E. Birchfield*, No. 03-C01-9701-CR00025, 1998 WL 2489 (Tenn. Crim. App. Jan. 6, 1998), relied upon by this court in its holding in *John Roy Polly*, the defendant had six prior felony convictions. Three of the defendant's prior convictions were for forgery, and the proof at sentencing showed that two of the forgeries occurred on March 27, 1994, and one occurred on March 26, 1994. The parties and this court agreed that the two offenses which occurred on March 27, 1994, had to count as only one prior conviction. On appeal, the defendant argued that he had only four prior felony convictions for range determination purposes because all the forgery convictions should count as only one prior conviction, presumably asserting that the offenses on March 27, 1994, occurred within twenty-four hours of the offenses which occurred on March 26, 1994. In rejecting the defendant's argument the court in *Travis E. Birchfield* held,

> If the defendant was of the opinion the three forgery felonies from Washington County constituted but one offense, the defendant should have presented evidence to establish the times when the offenses were committed. The defendant was given the opportunity to present evidence to support his contention. Instead, the trial court was told by defense counsel there were in fact five felony convictions which could be used to establish the range.

*Id*.

In the case *sub judice*, the only proof as to when the three sodomy offenses occurred is found in the certified copy of the indictment returned by the Klamath County, Oregon Grand Jury charging Defendant with three separate counts of sodomy in the first degree, a Class A felony in Oregon. *See* Or. Rev. State. § 163.405.

Each count alleges the offense in the exact same language, except Count 1 alleges that its offense occurred "between November 1st through the 30th, 1993" and Counts 2 and 3 each

allege the offense charged therein occurred "between December 1st through the 31st, 1993." There is no evidence, explicit or implicit, that the two offenses alleged in Counts 2 and 3 either occurred on the same date in December 1993, or occurred within twenty-four hours of each other, if not on the same day in December 1993. Likewise, there is no evidence that the offense in Count 1 occurred on November 30, 1993, within twenty-four hours of the commission of either or both of the offenses charged in Counts 2 and 3. In fact, from the record, it can be concluded that the offense in Count 1 could have occurred on any one of thirty days in November 1993, and the offenses in Counts 2 and 3 could have occurred on any one *or* two days of December 1993.

According to the most current version of Oregon Revised Statute Section 163.405, the statute was enacted in 1971 and apparently modified in 1989. *See* Or. Rev. Stat. § 163.405 (2013), citing laws 1971, c. 743, § 114; Laws 1989, c. 359 § 4 (West, WestlawNext 2013). Sodomy in the first degree in Oregon has the following elements:

> (1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:
>
> > (a) The victim is subjected to forcible compulsion by the actor;
> >
> > (b) The victim is under 12 years of age;
> >
> > (c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse; or
> >
> > (d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.
>
> (2) Sodomy in the first degree is a Class A felony.

Each count of the indictment in Oregon contains the following language,

> The said defendant(s) [sic], between [   ], in Klamath County, Oregon, did unlawfully and knowingly engage in deviate sexual intercourse with D.C., a child under the age of 12 years, said act of defendant(s) [sic] being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

Defendant was thus charged with, and convicted of, sodomy in the first degree pursuant to Section 163.405(1)(b), "deviate sexual intercourse" of a child less than 12 years of age. Unlawful sexual penetration of a child by a defendant or of the defendant by the child, and if the child is more than three years of age, but less than thirteen years of age, is rape of a child, a Class A felony, as defined in Tennessee Code Annotated section 39-13-531 (2010 Repl.). Unlawful sexual penetration of a child by the defendant or of the defendant by a child, and if the child is three years of age or less, is aggravated rape of a child, also a Class A felony as set forth in Tennessee Code Annotated section 39-13-531 (2010 Repl.). Clearly, the trial court correctly found that the Oregon offense of sodomy in the first degree in Defendant's case should be treated as a Class A felony pursuant to Tennessee Code Annotated section 40-35-108(b)(5). Even though the trial court did not specifically reference a copy of the Oregon statute, in this particular case, the trial court's reliance upon the language in the indictment, which happened to mirror the elements as provided in the statute, satisfied the trial court's requirement to determine the elements of the Oregon offense. Defendant is not entitled to relief upon this complaint.

Defendant is not entitled to relief on the basis that the trial court did not state on the record that it had "found beyond a reasonable doubt" that Defendant was a "career offender." Defendant has cited no case law or statute that requires the trial court to specifically verbalize that it found him to be, beyond a reasonable doubt, a "career offender." Defendant similarly cites to nothing in the record which would imply that the trial court used a less stringent standard in finding Defendant to be a "career offender." The statute is clear about the trial court's necessity to make its finding beyond a reasonable doubt. In this case, we presume that the trial court followed the statute in light of the proof presented and we will not infer from this record that the trial court used a lesser standard of proof than "beyond a reasonable doubt."

Finally, Defendant argues that the trial court's sentencing determination of Defendant's "career offender" status must be reversed because the trial court failed to specifically find that the three sodomy in the first degree convictions were *not* subject to consideration as only one or two prior convictions under the "twenty-four-hour offense rule" found in Tennessee Code Annotated section 40-35-108(b)(4). First, we note that the *statutory elements* of the Oregon offense of sodomy in the first degree do not include "serious bodily injury," or "bodily injury," "threatened serious bodily injury," or "threatened bodily injury" to the victim. As applicable, all that must be proven beyond a reasonable doubt in order to convict a person of the offense in Oregon is that the defendant engages in deviate sexual behavior with a victim "under 12 years of age." Accordingly these convictions would not be an exception to the "twenty-four-hour offense rule." That said, Defendant, who chose to represent himself at the sentencing hearing, offered no proof of or argument that any of the three sodomy in the first degree convictions could not be counted as separate convictions for sentencing range determination purposes. Defendant's only stated

basis of objection to use of the prior Oregon convictions for sodomy in the first degree was his assertion (without submitting any evidence such as transcripts or guilty plea documents) that he was not apprised of certain warnings when pleading guilty, pursuant to *State v. Mackey*, 553 S.W.2d  337 (Tenn. 1977) (abrogated in part by Tennessee Rules of Criminal Procedure, *see State v. Wilson*, 31 S.W.3d 189, 193 (Tenn. 2000)).  He does not assert this ground on appeal.

As noted above, the available proof in the record is that the sodomy offense in Count 1 could have occurred on any one of thirty days.  The two offenses alleged in Counts 2 and 3 could have occurred on any one of thirty-one days.  The important fact, though, is that there is nothing in the record to even hint that any one of the sodomy offenses occurred within twenty-four hours of any other sodomy offense, and Defendant did not question this fact at the trial court level.  Defendant is therefore not entitled to relief in this appeal based upon this argument.

In conclusion, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE