**Aaron T. JAMES, Petitioner–Appellee,**

v.

**Sharon TAYLOR, Respondent–Appellant.**

**No. 14–6135.**

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2015.

Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge.

Seventeen years ago, a Tennessee jury convicted Aaron James of "especially aggravated kidnapping" in violation of Tennessee Code § 39–13–305. The state court sentenced him to 60 years in prison as a career offender under Tennessee law. James later filed a federal habeas petition, arguing that his trial counsel should have objected to James's sentencing as a career offender under Tennessee law. The district court granted James's petition. We reverse.

I.

In March 1998, James was already serving a prison sentence in Tennessee when he and another inmate kidnapped a delivery-truck driver as part of a failed attempt to escape. A Tennessee grand jury thereafter charged James with felony escape, aggravated robbery, and especially aggra-

vated kidnapping. Before trial, the prosecutor served James with two notices of the prosecution's intent to seek an enhanced sentence if James were convicted. The first notice stated that James should be sentenced as a "repeat violent offender" under Tennessee Code § 40–35–120. The second notice, which by its terms was filed "pursuant to Tennessee Code Annotated § 40–35–202(a)," stated that James was subject to "an enhanced punishment pursuant to Tennessee Code Annotated § 40–35–106, et seq." The latter provisions dictate longer sentences for defendants with prior felony convictions, of which the second notice listed three.

The jury convicted James on all three counts. The trial court found that James was a "repeat violent offender" and sentenced him to life in prison. On appeal, however, the Tennessee Court of Criminal Appeals reversed James's convictions for kidnapping and robbery, and remanded for a new trial. The prosecution dismissed the robbery charge on remand. The jury again convicted James of especially aggravated kidnapping and the trial court sentenced him to 60 years, this time as a career offender under Tennessee Code § 40–35–108. James then sought state post-conviction relief, without success.

James thereafter filed a habeas petition in federal court, arguing for the first time that his trial counsel was ineffective for failing to object to James's sentencing as a career offender. The district court agreed, granted habeas relief, and ordered the State to resentence James. This appeal followed.

## II.

We review the district court's decision to grant habeas relief de novo. *Haliym v. Mitchell,* 492 F.3d 680, 689 (6th Cir.2007).

Everyone agrees that James's federal habeas claim—that his trial counsel was ineffective at James's sentencing—is pro-cedurally defaulted. But James argues (and the district court held) that his default is excused by the alleged ineffectiveness of his state post-conviction counsel. *See generally Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 1318–19, 182 L.Ed.2d 272 (2012). In turn, *Martinez* would have us engage in a kaleidoscopic inquiry in which the question of his trial counsel's effectiveness appears again and again. Suffice it to say that James can obtain relief only if his trial counsel was ineffective; so we cut to that question here. *See Storey v. Vasbinder,* 657 F.3d 372, 380 (6th Cir.2011).

James argues that, after his second trial, James's counsel should have objected to James's sentencing as a career offender under Tennessee Code § 40–35–108. Under Tennessee law, a defendant's prior felony convictions place him in one of four sentencing categories: "standard" (0–1 prior felony convictions), "multiple" (2–4), "persistent" (5+), or "career" (3+ class A felonies if the current offense is likewise a class A felony). *See* Tenn.Code Ann. §§ 40–35–105, –106, –107, –108. If a prosecutor thinks a defendant should be sentenced as a multiple, persistent, or career offender—and thus receive an enhanced sentence—the prosecutor must serve the defendant with a notice to that effect before trial. *See* Tenn.Code Ann. § 40–35–202(a). If the prosecutor does not file a timely notice, then the court must sentence the defendant as a standard offender. *State v. Cooper,* 321 S.W.3d 501, 507 (Tenn.2010); *State v. Pender,* 687 S.W.2d 714, 720 (Tenn.Crim.App.1984).

Before James's first trial, the prosecutor issued notice, "pursuant to Tennessee Code Annotated § 40–35–202(a)," that he would seek "an enhanced punishment pursuant to Tennessee Code Annotated § 40–35–106, et seq." based on James's three prior convictions for "class A" felonies. The prosecutor's reference to § 40–35–

202(a) made clear that he sought to sentence James as a "multiple, persistent or career offender." The reference to section "§ 40–35–106, *et seq.*" in turn told James where to look to determine which of those offender categories applied to him. And the notice listed James's three prior "Class A felony" convictions—for especially aggravated robbery, second-degree murder, and especially aggravated kidnapping—as well as the dates and case numbers for those convictions. All of this information made plain that the prosecution meant to sentence James as a career offender under § 40–35–108.

That notice was filed before James's first trial, however, and he asserts that it did not carry over to the second. But Tennessee caselaw refutes that assertion. In *State v. Vance*, 1996 WL 351464, at *4 (Tenn.Crim.App. June 27, 1996), the Tennessee Court of Criminal Appeals held that a notice of enhanced sentencing filed before the defendant's first trial remained effective for purposes of sentencing after his second trial. That is the same basic fact pattern that we have here. Similarly, a notice of enhanced sentencing as to one charge in an indictment remains effective as to the same charge in a superseding indictment. *See State v. Carter*, 121 S.W.3d 579, 585–86 (Tenn.2003). And a notice of enhanced sentencing as to a lesser charge remains effective when the State later alleges a new element (in a superseding indictment) that makes that charge more serious under Tennessee law. *See State v. Livingston*, 197 S.W.3d 710, 715–16 (Tenn.2006).

These cases make clear that the career-offender notice filed before James's first trial remained effective for purposes of his second. In *Vance*, as here, the prosecution filed its notice before the first trial. In both *Carter* and *Livingston* the notice carried over to a second indictment, whereas here the notice applied to only

one. It is true, as James points out, that in his second trial the prosecution did not seek to convict him on the robbery charge. But that fact is simply immaterial under the caselaw as it comes to us here. In sum, James's trial counsel had no basis under Tennessee law to object to James's sentencing as a career offender after his second trial. James's counsel therefore was not ineffective for omitting to make such an objection. And without a meritorious claim for ineffective assistance, James can neither excuse his procedural default nor obtain habeas relief.

\*     \*     \*

The district court's judgment is reversed, and the case remanded with instructions to deny James's habeas petition.