IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2016


**STATE OF TENNESSEE v. KEVIN PATTERSON AKA JOHN O'KEEFE
VARNER AKA JOHN O'KEEFE KITCHEN**

**Appeal from the Circuit Court for Coffee County
No. 41,631F     Walter Kurtz, Judge**

_____

**No. M2015-02375-CCA-R3-CD – Filed December 7, 2016**

_____


ROBERT L. HOLLOWAY, JR., J., concurring.

I concur with the lead opinion. I write separately because I am sympathetic to the common sense approach that Judge Easter uses in the separate opinion (dissenting in part) to determine that the pre-trial notice substantially complied with the requirements of Tennessee Code Annotated section 40-35-120. After all, the violent nature of the prior offenses, second degree murder and facilitation of second degree murder, should be obvious, and who knows better than the Defendant that there were separate periods of incarceration, even if the Defendant does not know the dates of those periods. An argument could also be made that a reasonable statutory interpretation of Tennessee Code Annotated section 40-35-120(i)(2) is that "shall" is mandatory as it relates to "[t]he district attorney general['s] fil[ing] a statement with the court," but "shall" is "merely directory" as it relates to "set[ting] forth the dates of the prior periods of incarceration, as well as the nature of the prior conviction offenses." See Tenn. Code Ann. § 40-35-120(i)(2); Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 309 (Tenn. 2012). In Myers v. AMISUB (SFH), Inc., our supreme court stated: "To determine whether the use of the word 'shall' in a statute is mandatory or merely directory, we look to see 'whether the prescribed mode of action is of the essence of the thing to be accomplished.'" Id. (citing 3 Norman J. Singer & J.D. Singer, Statutes and Statutory Construction § 57:2 (7th ed. 2008)); see also Holdredge v. City of Cleveland, 218 Tenn. 239, 402 S.W.2d 709, 713 (1966) ("[A] provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute . . . shows that the legislature intended a compliance with such provision to be essential to the validity of the act . . . , the statute must be regarded as mandatory."). Arguably, the essence to be accomplished by section 40-35-120(i)(2) is to place a defendant on notice that the state intends to seek to have him found to be a repeat violent offender and thereby face a

sentence of life without possibility of parole. If this statement is correct, then the other requirements are "merely directory" and substantial compliance should be sufficient.

However, in light of our supreme court's opinion in <u>Cooper</u>, if less than strict compliance with the mandatory language of the notice required under the repeat violent offender statute is sufficient to advise a Defendant that he may be facing a sentence of life without possibility of parole, I believe that should be decided by our supreme court.[1]

Until our supreme court holds otherwise, it would be wise to strictly comply with the notice requirements of section 40-35-120.

_____
ROBERT L. HOLLOWAY JR., JUDGE

_____

[1] In <u>Cooper</u>, our supreme court stated:

> Although the repeat violent offender statute does not have a provision mandating a remedy similar to that of Tennessee Code Annotated section 39-13-208(c), we believe that the severity of the sentence in this case-a mandatory sentence of imprisonment for life without parole-requires a similar result. We therefore conclude that the sentence of imprisonment for life without the possibility of parole was not authorized because the only *substantially compliant notice* was filed after trial and therefore was ineffective.

State v. Cooper, 321 S.W.3d 501, 507–08 (Tenn. 2010) (emphasis added). Subsection 39-13-208(b) mandates that the state file written pre-trial notice that "shall specify the aggravating circumstance or circumstances the state intend to rely upon at the sentencing hearing." Subsection 39-13-208(c) provides that "[i]f notice is not filed pursuant to subsection (a) or (b), the defendant shall be sentenced to imprisonment for life by the trial court, if the defendant is found guilty of murder in the first degree." If the use of the phase "substantially compliant notice" in <u>Cooper</u> was intended as a signal that substantial compliance is sufficient, the signal was blurred by the comparison of the repeat violent offender notice to "the notice requirement for intent to seek imprisonment for life without the possibility of parole for first degree murder" which appears to require strict compliance based on the language of subsection 39-13-208(c), which references subsections (a) and (b). See <u>Cooper</u>, 321 S.W.3d at 507, Tenn. Code Ann. § 39-13-208 (a)-(c).