IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2016

**STATE OF TENNESSEE v. KEVIN PATTERSON AKA JOHN O'KEEFE
VARNER AKA JOHN O'KEEFE KITCHEN**

**Appeal from the Circuit Court for Coffee County
No. 41631F   Walter C. Kurtz, Judge**
_____

**No. M2015-02375-CCA-R3-CD – Filed December 7, 2016**
_____


TIMOTHY L. EASTER, J., concurring in part and dissenting in part.

I agree with the majority opinion's conclusions with respect to the issues raised by Defendant in his direct appeal. I respectfully disagree with the conclusion reached by the majority as it relates to section V of the opinion. I am unable to agree with the statement that the trial court committed an error that breached a clear and unequivocal rule of law in sentencing Defendant to life without the possibility of parole pursuant to Tennessee Code Annotated section 40-35-120.

The majority correctly concludes that the State's pre-trial notice appears to satisfy its obligation to set forth qualifying previous convictions. The combination of the current attempted second degree murder conviction with the prior facilitation of second degree murder (1992) and the second degree murder (1994) convictions meets the requirements of Tennessee Code Annotated section 40-35-120(a)(1)-(2). These are defined as the "first avenue of qualification" by the majority. Where I differ from the majority is my inability to see the "signal" in *Cooper* that mere listing of the conviction without indicating specifically that it is a qualifying conviction for repeat violent offender status does not comply with the statutory requirement. *See State v. Cooper*, 321 S.W.3d 501, 507-08 (Tenn. 2010) (concluding "that the sentence of imprisonment for life without the possibility of parole was not authorized because the only *substantially compliant* notice was filed after trial and therefore was ineffective") (emphasis added).

Furthermore, by process of elimination, Defendant could determine with reasonable clarity which offenses on the pre-trial notice were qualifying offenses. *See State v. Willie Duncan*, -- S.W.3d --, 2016 WL 6024007, at *8 (Tenn. Oct. 14, 2016) (holding that an indictment for employment of a firearm during a dangerous felony may

be read together with the other counts in the indictment to provide adequate notice of the underlying felony) (citing *State v. Youngblood*, 287 S.W.2d 89, 91 (Tenn. 1956); *State v. Narrell Christopher Pierce*, No. M2014-00120-CCA-R3-CD, 2015 WL 2102003, at *15 (Tenn. Crim. App. May 5, 2015), *perm. app. denied* (Tenn. Aug. 13, 2015); *State v. Demeko Gerard Duckworth*, No. M2012-01234-CCA-R3-CD, 2013 WL 1933085, at *21(Tenn. Crim. App. May 10, 2013), *perm. app. denied* (Tenn. Oct. 17, 2013)). Of the prior convictions listed on the pre-trial notice filed by the State, only the 1992 attempted second degree murder conviction and the 1994 second degree murder conviction qualify for sentencing Defendant as a repeat violent offender. T.C.A. § 40-35-120 (b)(1)(B).

I conclude the State's pre-trial notice of its intent to have Defendant declared as a repeat violent offender was both effective and timely. It was not an empty notice. *See Cooper*, 321 S.W.3d at 507. Distinguishable from *Cooper*, the January 1, 2015 pre-trial notice clearly stated the State's intent to seek enhanced punishment by having Defendant declared a repeat violent offender pursuant to Tennessee Code Annotated section 40-35-120. The notice was substantially compliant with the repeat violent offender statute. Substantial compliance with the notice provision by the State triggers a defendant's duty of inquiry into ambiguous or incomplete aspects of the notice and the requirement that the defendant demonstrate prejudice to obtain relief. *State v. Thompson*, 36 S.W.3d 102, 115 (Tenn. Crim. App. 2000) (citing *State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990)); *see also State v. Alvertis Boyd*, No. W2010-01513-CCA-R3-CD, 2011 WL 2586811, at *6 (Tenn. Crim. App. July 1, 2011), *perm. app. denied* (Tenn. Nov. 16, 2011). Any evidentiary issue Defendant had with the "dates of the prior periods of incarceration as well as the nature of the prior convictions," in my view, should have been raised pre-trial. If anything, *Cooper* signaled that the failure to establish a "separate period of incarceration" could be cured by entering a certified judgment during the sentencing hearing. *See* 321 S.W.3d 505-06.

The State's notice was made known to Defendant over seven months before his trial, well in excess of the 45 days required by statute. He had plenty of time to complain. Defendant was clearly on notice before trial, unlike the defendant in *Cooper*. Defendant has not established that he was prejudiced by the notice filed in this case.

I would affirm the trial court in full.

_____
TIMOTHY L. EASTER, JUDGE