IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 1, 2016

**STATE OF TENNESSEE v. CHRISTOPHER HUBBARD**

**Appeal from the Criminal Court for Shelby County**
**No. 10-04027          James C. Beasley, Jr., Judge**

_____

**No. W2016-01263-CCA-R3-CD  -  Filed January 20, 2017**

_____

Pro se Petitioner, Christopher Hubbard, appeals from the Shelby County Criminal Court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Christopher Hubbard, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Pamela Diane Fleming, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 15, 2010, the Petitioner was convicted by a Shelby County Jury of aggravated kidnapping and aggravated assault. The trial court sentenced the Petitioner as a repeat violent offender to life without the possibility of parole for the aggravated kidnapping conviction. The Petitioner was also sentenced to ten years for the aggravated assault conviction and the sentences were ordered to run concurrently. The Petitioner's conviction was affirmed on direct appeal, see State v. Christopher Hubbard, No. W2011-01078-CCA-R3-CD, 2012 WL 2196303 (Tenn. Crim. App. June 15, 2012), and his petition for post-conviction relief was subsequently denied by this court. See Christopher Hubbard v. State, No. W2014-01716-CCA-R3-PC, 2015 WL 5683092 (Tenn. Crim. App. Sep. 25, 2015). On April 26, 2016, the Petitioner filed a motion to correct an illegal

sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, essentially arguing that his sentence was illegal due to an error in the State's pretrial notice of intent to seek enhanced punishment. The trial court summarily dismissed the motion on May 3, 2016, specifically finding that:

> The [P]etitioner was properly put on notice of his prior conviction. The applicable information was provided. Even if it was not sufficient, which the Court finds that it was, the [P]etitioner has failed to state a colorable claim upon which relief could be granted. The issue he raises should have been raised at the time of trial, sentencing and appeal of the original conviction.

It is from this order that the Petitioner timely appeals.

## ANALYSIS

On appeal, the Petitioner asserts that his sentence is illegal because the State's omission of the Petitioner's dates of prior incarceration on its notice of intent to seek enhanced punishment "rendered the State's notice a nullity as [a] matter of law and fact as the Tennessee Supreme Court held in[ ] State v. Cooper, 321 S.W.3d 501 (Tenn. 2010)." The State responds that the trial court properly denied the motion because the Petitioner's claim merely constitutes an "'appealable error,' not a 'fatal error' as required to allege a colorable claim for relief." We agree with the State.

Under Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the [S]tate may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Taking the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. The Petitioner's argument that he received inadequate notice of the State's intent to seek classification as a repeat violent offender relates to the underlying sentencing procedure, not the legality of the Petitioner's sentence, and, as such, should have been raised on direct appeal. See Cantrell v. Easterling, 346 S.W.3d 445, 449-53 (Tenn. 2011) (distinguishing between "appealable errors" and "fatal errors" in sentencing and noting that "if a defendant is aggrieved by the trial court's determination that he is a multiple offender, he may raise this issue on direct appeal."); see also State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014) (explaining that Rule 36.1 provides a means for correcting an illegal sentence as finally imposed, not the methodology by which the sentence is imposed); see also State v. Robert B. Ledford, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015) (stating that "an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute.").

Additionally, although this precise issue has not yet been addressed in a Rule 36.1 context in Tennessee, it has been addressed in a habeas corpus proceeding, and the Tennessee Supreme Court has held that an "illegal sentence" as defined in Rule 36.1 "is coextensive, and not broader than, the definition of the term in the habeas corpus context." State v. Wooden, 478 S.W.3d 585, 594-95 (Tenn. 2015); see Jeffrey E. Dunlap v. Tony Parker, Warden, No. W2004-01042-CCA-R3-HC, 2004 WL 1944141, at *1 (Tenn. Crim. App. Dec. 20, 2004) (noting that "[a] defect in the notice of intent to seek sentence enhancement does not render an enhanced sentence illegal."). Accordingly, the Petitioner's claims, even if true, are not within the purview of Tennessee Rule of Criminal Procedure Rule 36.1.

We further note that, while the Petitioner is correct that the State's notice did not set forth the dates of the prior periods of incarceration as required by Tennessee Code Annotated section 40-35-120(i)(2), this court has held that when the only defect on an enhancement notice is the absence of the prior dates of incarceration, the notice is substantially compliant and a defendant "'must show prejudice to obtain relief.'" State v. Alvertis Boyd, No. W2010-01513-CCA-R3-CD, 2011 WL 2586811 at *6 (Tenn. Crim. App. July 1, 2011) (quoting State v. Adams, 788 S.W.2d 557, 559 (Tenn. 1990)). Likewise, the Petitioner's reliance on State v. Cooper is misplaced. In Cooper, the defendant did not receive any pretrial notice that the State intended to seek sentencing under the repeat violent offender statute. 321 S.W.3d at 506. Here, the Petitioner received notice that the State intended to pursue sentencing as a repeat violent offender for the Petitioner's second degree murder conviction and the notice included the date of the Petitioner's prior conviction, the indictment number, and the court division.

- 3 -

Therefore, even considering the merits of the Petitioner's claims, he is not entitled to relief. Because the Petitioner has failed to state a colorable claim for relief pursuant to Rule 36.1, we affirm the summary dismissal of his motion to correct an illegal sentence.

## **CONCLUSION**

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE